UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V. CRIMINAL NO. 4:20-CR-071

ANTOINE BRYANT

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS**

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and in response to defendant's Motion to Suppress would respectfully show unto the Court the following, to wit:

**FACTS**

On June 11, 2019, Investigator Jonathan West with the Greenville Police Department obtained a "no knock" search warrant from a Municipal Court Judge in Greenville, Mississippi, for a residence located at 609 East Walker Street in Greenville. The affidavit in support of the search warrant described, in detail, the premises to be searched and further set forth the items to be seized, including illegal narcotics and evidence related to the sale of illegal narcotics. Attached to and made a part of the affidavit were the "Underlying Facts and Circumstances" that further supported the request for a search warrant.[1] In the "Underlying Facts and Circumstances," Investigator West set forth his background as a law enforcement officer and narcotics investigator and further set forth detailed facts giving rise to probable cause to believe that "there is evidence located at 609 East Walker Street associated with the crime of controlled substance." In listing

1 The Affidavit, "Underlying Facts and Circumstances," and Search Warrant are attached to the defendant's motion as collective Exhibit "B."

the detailed facts giving rise to probable cause, Investigator West cited information obtained from a "Coded Credible and Reliable Confidential Informant," who Investigator West described as someone who had previously provided information concerning controlled substance violations in Washington County, which information had been corroborated, thus establishing the credibility of the CI. Investigator West further asserted that the CI was familiar with the use, packaging and appearance of controlled substances, and that the CI was deemed credible and reliable based on his/her successful and accurate history while assisting law enforcement in various criminal investigations.

The information provided by Investigator West included that the CI had stated to investigators that Antoine Bryant sells drugs (marijuana and cocaine, specifically) and guns from his residence located at 609 East Walker Street. The CI had specifically witnessed Bryant in possession of handguns that were for sale. Bryant is a previously convicted felon (though this was not stated in the affidavit). Finally, Investigator West advised that within the past 3 days, the CI had made a controlled buy of marijuana from Bryant at the residence, while under the supervision of investigators.

Based on the information set forth in the affidavit and accompanying "Underlying Facts and Circumstances," Investigator West obtained a "no knock" search warrant. Officers with Greenville P.D., including Investigator West, executed the search warrant on the morning of June 17. Bryant was present at the time the warrant was executed. Located in the residence was marijuana and a loaded .380 caliber handgun. Bryant subsequently admitted to possession of the loaded firearm.[2]

---

2 The defendant states in his brief that when gaining entry to the house, officers smashed his front glass door, "injuring" his girlfriend, who was asleep in the front bedroom at the time of entry. A more accurate description is that the girlfriend, Sabrina Johnson, complained about a scratch on her foot. Investigators summoned an EMT, who arrived on scene, inspected her foot, and advised that it was a scratch and needed no treatment. The EMT cleaned the scratch and put a bandage over it.

**LEGAL ANALYSIS**

"The proponent of a motion to suppress has the burden of proving, by a preponderance of evidence that the evidence in question was obtained in violation of his Fourth Amendment rights." *United States v. Kelley*, 981 F.2d 1464, 1467 (5th Cir. 1993). In reviewing a motion to suppress, the Court should view the facts in the light most favorable to the government. *United States v. Hernandez*, 647 F.3d 216, 218 (5th Cir. 2011). The burden is on the movant to make specific factual allegations of illegality, to produce evidence and to persuade the court that the evidence should be suppressed." *United States v. Evans*, 572 F.2d 455, 486 (5th Cir. 1978). The burden then shifts to the government to rebut illegality and establish a lawful basis for the search. The burden of persuasion, however remains at all times upon the defendant. *United States v. Richardson*, 943 F.2d 547, 548-549 (5th Cir. 1991).

Any Fourth Amendment analysis of a warranted search begins with an analysis of good faith. *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984). In applying *Leon*, the Fifth Circuit has held that:

> Under the good faith exception to the exclusionary rule, evidence will be admitted in the prosecution's case-in-chief if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate. This is so even if the affidavit on which the warrant was based is insufficient to establish probable cause.

*United States v. Pigrum*, 922 F.2d 249, 252 (5th Cir. 1991). Under a *Leon* analysis, the issue is not whether the judge made a proper determination of probable cause, but whether the agents reasonably relied on the judge's determination in light of the information set forth in the affidavit. *Pigrum*, 922 F.2d at 252.

*Leon* set forth four circumstances in which the good-faith exception does not apply:

(1) If the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth;
(2) Where the issuing judge wholly abandoned his or her judicial role;
(3) Where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
(4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

*United States v. Leon*, 468 U.S. at 914-915. This is the same standard for a "no knock" search warrant. *See United States v. Scroggins*, 361 F.3d. 1075 (8th Cir. 2004).

None of the exceptions to the good-faith analysis would apply in this case to invalidate the officers' reliance upon the search warrant. The first exception requires that the issuing judge be misled by false information in the affidavit that the affiant knew or should have known to be false. In this case, there is no evidence that there was any false information in the affidavit, or that the issuing judge was misled in any manner.

The second exception applies only if the issuing judge wholly abandoned his judicial role in issuing the search warrant. There is no evidence here that that was the case. The defendant makes vague and conclusory allegations that the judge abandoned his judicial role, with no evidence to support such assertions.

The third exception applies only if the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. In the present case, the affidavit contained significant evidence that illegal drugs were being sold from the subject residence, as well as evidence that the defendant was in possession of, and selling firearms from,

the same residence. The defendant has presented no evidence that probable cause was so lacking as to render belief in its existence "entirely unreasonable."

Finally, the affidavit specified with sufficient particularity the place to be searched and the items to be seized. Accordingly, the fourth exception to a good-faith analysis does not apply.

The government would affirmatively state that there was sufficient probable cause to obtain a search warrant, and most importantly, that once the warrant was issued by the Municipal Judge, the officers' reliance on the warrant was objectively reasonable. As set forth in *Leon* and recited above, under the good faith exception to the exclusionary rule, evidence will be admitted in the prosecution's case-in-chief if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate, even if the affidavit on which the warrant was based is insufficient to establish probable cause.

The Court in *Leon* explained the issue in this manner, referring to an officer, acting with objective good faith, obtaining a search warrant from a judge or magistrate and acting within its scope:

> In most such cases, there is no police illegality and thus nothing to deter. It is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment. In the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination….Penalizing the officer for the magistrate's error, rather than his own, cannot logically contribute to the deterrence of Fourth Amendment violations.

*Leon*, 468 U.S. at 920-921. Clearly, any possible error in the issuance of this warrant lies with the issuing judge. Investigator West provided truthful facts that he believed warranted the issue of the search warrant. Investigator West and other law enforcement personnel relied in good faith upon the issuance of the warrant.

Since the defendant has failed to show where an exception to the good faith rule would apply, no further discussion is necessary. However, to briefly address the defendant's contention that there was insufficient evidence of exigent circumstances to support a "no knock" search warrant, the government would point out that to "knock and announce" is not necessary (1) when circumstances present a threat of physical violence, (2) if there is reason to believe that evidence would likely be destroyed if advance notice were given, or (3) if knocking and announcing would be futile. *Hudson v. Michigan*, 547 U.S. 586, 589-590 (2006) *citing Richards v. Wisconsin*, 520 U.S. 385, 394 (1997). Courts require only that police "have a reasonable suspicion ... under the particular circumstances" that one of these grounds for failing to knock and announce exists. Hudson, 547 U.S. at 590. The required showing of reasonableness "is not high." *Id*.

In *United States v. Washington*, 340 F.3d 222 (5th Cir. 2003), the Court affirmed a "no knock" search warrant on the basis that announcing the presence of law enforcement in advance could jeopardize the safety of the officers executing the search. *Washington*, 340 F.3d at 227. In that case, officers believed that the suspect was selling drugs and was typically armed. *Id*. The Court found that information exceeded the level of information the Fifth Circuit had previously found sufficient to establish a reasonable suspicion of danger. *Id*. The Court noted two other Fifth Circuit cases which held that an officer's safety concerns were reasonable even though he had no particularized knowledge that the suspect was armed, given that firearms are tools of the trade of those engaged in illegal drug activities. *Id*., citing *United States v. Rodea*, 102 F.3d 1401, 1408 (5th Cir. 1996) and *United States v. Howard*, 106 F.3d 70, 75 (5th Cir. 1997).

In the present case, Investigator West cited facts in his affidavit that the defendant was selling guns and drugs from the subject residence. This knowledge affords reasonable suspicion

of a threat of physical violence and is sufficient to meet the "not high" bar to show the reasonableness of a "no knock" warrant. Even if, upon closer inspection, the facts cited in the affidavit are deemed insufficient to justify the "no knock" warrant, the question is close enough for the officers to act in good faith reliance upon the issuance of the warrant.

Further, while not relevant to the issue of good faith reliance on the search warrant, the defendant contends that there is nothing in the affidavit to indicate the reliability or credibility of the CI. To the contrary, Investigator West used the term Coded Credible and Reliable Confidential Informant, which indicates to the judge that the CI is one that the investigator has used multiple times in the past and always found to be credible and reliable. Additionally, the request for a search warrant was not based solely upon information received from a confidential informant, but rather, upon additional facts witnessed by Investigator West and his colleagues as a result of the information from the CI. Specifically, Investigator West conducted a controlled buy from the defendant using the CI, which controlled buy appears to be a significant basis for the warrant. Investigator West can testify as to the details of the controlled buy, which clearly shows that the CI was credible and reliable when he stated that the defendant was engaged in selling drugs from the house on East Walker Street.

## CONCLUSION

Officers reasonably relied in good faith upon a search warrant issued by a neutral Municipal Judge and therefore the evidence should not be suppressed. The defendant has failed

to show that the good-faith analysis should not apply. Accordingly, the government respectfully requests that the defendants' Motion to Suppress be denied.

Respectfully submitted, this the 29th day of April, 2021.

CLAY JOYNER
Acting United States Attorney

By: *s/ Robert J. Mims*
ROBERT J. MIMS
Assistant United States Attorney
Ethridge Professional Building
900 Jefferson Avenue
Oxford Mississippi 38655-3608
Telephone 662/234-3351
Criminal Division fax 662/234-0657

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2021, I electronically filed the foregoing Response with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Merrill Nordstrom, Esq.
merrill_nordstrom@fd.org

*s/ Robert J. Mims*
ROBERT J. MIMS
Assistant United States Attorney