IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.

CRIMINAL NO. 4:20CR71

ANTOINE BRYANT

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO SUPPRESS**

No knock search warrants are not the default mode of executing drug-related search warrants. While there is a recognized good faith doctrine to an otherwise invalid search warrant, there was no good faith here. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003); *see also United States v. Leon*, 468 U.S. 897 (1984). The good faith doctrine does not apply if any of the following exceptions occur:

(1) If the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth;
(2) where the issuing magistrate/judge wholly abandoned his or her judicial role;
(3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
(4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

*United States v. Webster*, 960 F.2d 1301, 1307 n.4 (5th Cir. 1992) (citing *Leon*).

An officer's good faith is judged by whether the officer's reliance was "objectively reasonable." *Leon*, 468 U.S. at 919-20. Stated another way, the inquiry is whether a "reasonably well-trained officer would have known that the search was illegal despite the magistrate's authorization," i.e.

1

Investigator West must have believed that what he wrote in the affidavit would be sufficient to support a finding for a no knock search warrant. *Malley v. Briggs*, 475 U.S. 335, 345 (1986) (quoting *Leon*, 468 U.S. at 922 n.23). He should have known that one of the three exigent circumstances (officer safety, destruction of evidence, or futility) must have been included in the Underlying Facts and Circumstances. *See Richards v. Wisconsin*, 520 U.S. 385, 394-95 (1997); *see also Bishop v. Arcuri*, 674 F.3d 456 (5th Cir. 2012). The Honorable Judge Michael Prewitt was required to adhere to the same rigid requirements.

As to the first exception, *Leon* states that the good faith doctrine does not apply when the issuing magistrate/judge was misled by information in an affidavit that the affiant knew was false or *would have known except for reckless disregard of the truth*. Investigator West testified that he always requested a no knock search warrant when drugs were involved at the suppression hearing on May 17, 2021. No knock search warrants are not the rule; they are the exception. Investigator West's testimony cannot support good faith reliance since West was treating no knock search warrants as the normal, default mode for all of his requests. Without any specificity regarding officer safety, destruction of evidence, or futility, a no knock warrant should not be issued. Similarly, the mere allegation of drugs or guns should not give officers *carte blanche* permission to request a no knock search warrant. There must be something more. *See* Motion to Suppress Evidence at pg. 4-9 [20].

As to the second exception, *Leon* states where the issuing magistrate/judge wholly abandoned his or her judicial role, i.e. rubber stamping, the good faith doctrine does not apply. Judge Prewitt testified that he could issue a no knock search warrant for a sweater, if he wanted. He could also not recall a single incident in which he has denied a no knock request. He also

agreed that he has almost never denied a no knock search warrant brought by Investigator West. Typically, it is difficult to prove that a judge rubberstamps warrants. *See United States v. Koerth*, 312 F.3d 862, 868-69 (7th Cir. 2002) ("Although we have difficulty understanding how a defendant can establish that the trial judge acted as a rubber stamp in the absence of evidence detailing the impropriety or inadequacy of the warrant application proceedings as well as the type of interaction (or lack thereof) between the judge and the officers."). In this case, however, the testimony established that there have been at least ten additional, recent cases involving no knock search warrants, drugs, Investigator West, and Judge Prewitt. Establishing a pattern of automatic issuance of no knock search warrants is one way to prove rubber stamping. *United States v. Hallam*, 407 F.3d 942, 946 (8th Cir. 2005) (suggesting that a pattern of passive, automatic issuance of warrants would qualify as rubber stamping).

The testimony from Judge Prewitt and Investigator West indicates that the *Leon* good faith doctrine does not apply here for the issuance of a no knock search warrant. There has been a pattern of rubber stamping and evidence that the Underlying Facts and Circumstances was not objectively reasonable to satisfy the Supreme Court's holding in *Richards v. Wisconsin*. Without indicating an exigent circumstance, the no knock search warrant should not be upheld.

### Conclusion

For the above-stated reasons, his initial motion to suppress, and the testimony and evidence introduced and admitted at the suppression hearing, Mr. Bryant asks this court to grant his motion to suppress the evidence.

Respectfully submitted,

*/s/ Merrill K. Nordstrom*
MERRILL K. NORDSTROM, MSB No. 100815
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
Telephone: (662) 236-2889
Fax: (662) 234-0428
Merrill_nordstrom@fd.org

CERTIFICATE OF SERVICE

I, Merrill K. Nordstrom, attorney for the Defendant, Antoine Bryant, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following party will be notified electronically of filing:

    Hon. Robert Mims, AUSA
    Robert.mims@usdoj.gov

Dated this the 27th day of May, 2021.

    */s/ Merrill K. Nordstrom*
    MERRILL K. NORDSTROM
    Assistant Federal Public Defender