UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 4:20-CR-071

ANTOINE BRYANT

### GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and in response to defendant's Supplemental Memorandum in Support of Defendant's Motion to Suppress would respectfully show unto the Court the following, to wit:

As previously stated by the government in its original memorandum, any Fourth Amendment analysis of a warranted search begins with an analysis of good faith. *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3405 (1984). In applying *Leon*, the Fifth Circuit has held that:

> Under the good faith exception to the exclusionary rule, evidence will be admitted in the prosecution's case-in-chief if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate. This is so even if the affidavit on which the warrant was based is insufficient to establish probable cause.

*United States v. Pigrum*, 922 F.2d 249, 252 (5th Cir. 1991). Under a *Leon* analysis, the issue is not whether the judge made a proper determination of probable cause, but whether the agents reasonably relied on the judge's determination in light of the information set forth in the affidavit. *Pigrum*, 922 F.2d at 252.

*Leon* set forth four circumstances in which the good-faith exception does not apply:

(1) If the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known except for reckless disregard of the truth;

     (2) Where the issuing judge wholly abandoned his or her judicial role;
     (3) Where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
     (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid.

*United States v. Leon*, 468 U.S. at 914-915. This is the same standard for a "no-knock" search warrant. *See United States v. Scroggins*, 361 F.3d. 1075 (8th Cir. 2004).

    In his Supplemental Memorandum, the defendant attempts to make two points. First, the defendant asserts that the good faith exception does not apply because "West was treating no knock search warrants as the normal, default mode for all of his requests." Unfortunately for the defendant, that is not one of the four exceptions to the good-faith analysis. There is no evidence to show, nor any reason to believe, that Sgt. West provided any information in the affidavit that he knew was false, or would have known except for reckless disregard of the truth, which is the standard set forth in *Leon*. Sgt. West cited facts in his affidavit that the defendant was selling guns and drugs from the subject residence. This knowledge affords reasonable suspicion of a threat of physical violence sufficient to support a "no-knock" warrant. *See United States v. Washington*, 340 F.3d 222 (5th Cir. 2003); *United States v. Rodea*, 102 F.3d 1401, 1408 (5th Cir. 1996); *United States v. Howard*, 106 F.3d 70, 75 (5th Cir. 1997). Even if, upon closer inspection by this Court, it is determined that Judge Prewitt should not have issued the "no-knock" warrant in this case, Sgt. West and his colleagues with Greenville P.D. justifiably relied in good faith upon the warrant issued by Judge Prewitt.

    Second, the defendant incorrectly asserts that Judge Prewitt has a pattern of "automatic issuance of no-knock warrants," showing that he simply rubber stamps whatever the Greenville

P.D. brings to him. To the contrary, both Judge Prewitt and Sgt. West testified that Judge Prewitt has, on multiple occasions, rejected search warrants and arrest warrants presented to him by the Greenville P.D., a clear indication that Judge Prewitt does anything but "rubber stamp" the requests of law enforcement. The fact that FPD has reviewed 10 recent no-knock warrants that were issued by Judge Prewitt does not support the contention that the issuing judge wholly abandoned his judicial role, which is the showing required of the defendant. The defendant failed to put on any proof as to the details of the 10 no-knock warrants issued by Judge Prewitt that the FPD had reviewed, thus, there is no evidence to support the implied allegation that the warrants were lacking the necessary showing to support a "no-knock" warrant. In light of the uncontradicted testimony that Judge Prewitt has, on multiple occasions, rejected search warrant applications and other materials presented to him by officers with Greenville P.D., the defendant has failed to show that Judge Prewitt wholly abandoned his judicial role.

For these reasons, and as further set forth in the government's original memorandum, the government respectfully requests that the defendants' Motion to Suppress be denied.

Respectfully submitted, this the 28th day of May, 2021.

                                          CLAY JOYNER
                                          Acting United States Attorney

                    By:   *s/ Robert J. Mims*
                          ROBERT J. MIMS
                          Assistant United States Attorney
                          Ethridge Professional Building
                          900 Jefferson Avenue
                          Oxford Mississippi 38655-3608
                          Telephone 662/234-3351
                          Criminal Division fax 662/234-0657

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, I electronically filed the foregoing Response with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Merrill Nordstrom, Esq.
merrill_nordstrom@fd.org

            *s/ Robert J. Mims*
            ROBERT J. MIMS
            Assistant United States Attorney