IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.

CRIMINAL NO. 4:20CR71

ANTOINE BRYANT

### REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS

Investigator West declared to have years of experience and training, having attended various schools and classes in law enforcement, yet he requested a no knock search warrant without providing the necessary information to justify one. *See* Exhibit B in Motion to Suppress, pg. 3 – Underlying Facts and Circumstances. Investigator West should have known what to include in his affidavit in order to satisfy the heighted standards implicated by a no knock search request. At the suppression hearing, Investigator West admitted he did not include any specific information regarding the guns or drugs, just that there were guns and drugs in the house at some unknown, previous point in time. Judge Prewitt stated that would have been relevant, important information to have before him. There was no allegation that Mr. Bryant was threatening to harm officers or was always carrying a gun when drug transactions were occurring nor was there any allegation that Mr. Bryant required any drug transaction to be held in the bathroom so that he could flush the drugs if officers came inside. *See* Motion to Suppress, pg. 4-9 (discussing dangerousness and destruction factors).

The prosecution cites to three cases in both of its Responses, – *United States v. Washington*,

1

*United States v. Rodea*, and *United States v. Howard* – but all three are distinguishable from the facts here. See Initial Response [22] pg. 6; *see also* Response to Supplemental Motion [31] pg. 2. In *Howard* and *Rodea*, both cases concerned warrantless searches, not no knock search warrants. Warrantless searches are inherently different because the officers believe there is an ongoing exigency to execute a warrantless search, unlike here where the officers did not believe there was an exigent circumstance nor was one alleged in the Underlying Facts and Circumstances. The prosecution cites to *Washington*, which, in fact, helps Mr. Bryant's position because officers had information that Washington was always carrying a firearm with him when he carried out drug transactions. This shows that there must be **something more than** just the mere allegation of drugs and guns together for a no knock search warrant. Because the information submitted was insufficient, a no knock search warrant never should have been issued.

   Mr. Bryant does not contend that the information in the Affidavit or Underlying Facts and Circumstances was overtly false, just that, in context, it constituted "a reckless disregard of the truth." Based on his extensive training and credentials, Investigator West should have included any relevant information that would have assisted Judge Prewitt in his no knock assessment. Without these facts, there can be no good faith reliance that the no knock warrant was valid because Investigator West is the same person who drafted the Affidavit and its contents and who executed the no knock search warrant. He of all people should have known that the facts presented were insufficient to satisfy the no knock search request. The affidavit itself was insufficient to obtain a no knock search warrant. Good faith is an objective standard, not a subjective one. *United States v. Leon*, 468 U.S. 897, 919-20 (1984).

   The prosecution does not believe ten no knock search warrants involving the same

requester, the same judge, and the same result shows a pattern. *United States v. Hallam*, 407 F.3d 942, 946 (8th Cir. 2005) (suggesting that a pattern of passive, automatic issuance of warrants would qualify as rubber stamping). If ten cases involving the same parties and same no knock request does not show a pattern, what more could Mr. Bryant have shown to evidence a pattern of rubberstamping without an outright admission by the judge that he is guilty of rubberstamping? Indeed, at the suppression hearing, Judge Prewitt could not recall a single instance in which he has rejected a no knock search warrant request.

Further, the prosecution incorrectly equates the statement made by Judge Prewitt that he has rejected search warrants and arrest warrants. Search warrants and arrest warrants are a red herring. This case concerns a no knock search warrant, something that Judge Prewitt could not recall ever denying. Mr. Bryant has shown that Judge Prewitt abandoned his judicial role by rubberstamping no knock search warrants. The fact that he has denied arrest warrants and regular search warrants has no relevance to the issue presented here.

Respectfully submitted,

*/s/ Merrill K. Nordstrom*
MERRILL K. NORDSTROM, MSB No. 100815
Assistant Federal Public Defender
1200 Jefferson Avenue, Suite 100
Oxford, Mississippi 38655
Telephone: (662) 236-2889
Fax: (662) 234-0428
Merrill_nordstrom@fd.org

<u>CERTIFICATE OF SERVICE</u>

I, Merrill K. Nordstrom, attorney for the Defendant, Antoine Bryant, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and that the following party will be notified electronically of filing:

>Hon. Robert Mims, AUSA
>Robert.mims@usdoj.gov

Dated this the 2nd day of June, 2021.

>*/s/ Merrill K. Nordstrom*
>MERRILL K. NORDSTROM
>Assistant Federal Public Defender