UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  CRIMINAL NO. 4:20-CR-071

ANTOINE BRYANT

### GOVERNMENT'S SUPPLEMENTAL
### RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through the United States Attorney for the Northern District of Mississippi, and submits its Supplemental Response to Defendant's Motion to Suppress, and would respectfully show unto the Court the following, to wit:

The undersigned counsel for the government has recently become aware of another basis for denial of the Defendant's Motion to Suppress, which had not come to counsel's attention previously. Essentially, as set forth in *Hudson v. Michigan* and explained in greater detail below, so long as there was probable cause to support the issuance of a search warrant, suppression is not the appropriate remedy if the "no-knock" aspect of the warrant is unjustified. Rather, civil remedies would be the only appropriate recourse.

"The Fourth Amendment incorporates the common-law principle that officers must knock and announce their identity and purpose before attempting forcible entry of a dwelling." *Bishop v. Arcuri*, 674 F.3d 456, 461 (5th Cir. 2012). This rule "has been [a] part of federal statutory law since 1917 and is codified at 18 U.S.C. § 3109." *U.S. v. Bruno*, 487 F.3d 304, 305 (5th Cir. 2007). However, in *Hudson v. Michigan*, 547 U.S. 586, 594 (2006), the U.S. Supreme Court "held that suppression is not the appropriate remedy for a violation of the constitutional knock-and-announce

1

requirement." *Bruno*, 487 F.3d at 305. It is also not an appropriate remedy for violation of § 3109. *Id*., at 306-307. Rather, "the key remedy for unjustified no-knock entries is an action under § 1983 for money damages, not exclusion of the evidence in a criminal proceeding." *U.S. v. White*, 990 F.3d 488, 493 (6th Cir. 2021) (citing *Hudson*); *see U.S. v. Briggs*, 347 Fed. App'x 750, 753 (3rd Cir. 2009) ("[A]s to Briggs' claim that the agents that executed the search warrant of his home violated the knock-and-announce rule, even assuming that they did so, suppression would not be appropriate.").

In contrast, the "exclusionary rule requires courts to suppress evidence seized on the basis of a warrant *that is unsupported by probable cause*." *U.S. v. Pope*, 467 F.3d 912, 916 (5th Cir. 2006 (emphasis added). "Probable cause exists when there are reasonably trustworthy facts which, given the totality of the circumstances, are sufficient to lead a prudent person to believe that the items sought constitute fruits, instrumentalities, or evidence of a crime." *Kohler v. Englade*, 470 F.3d 1104, 1109 (5th Cir. 2006).

Notably, a challenge to whether an affidavit supported a no-knock warrant is not a challenge to the existence of probable cause for the warrant itself. *U.S. v. Rigaud*, 684 F.3d 169, 176 (1st Cir. 2012). Since Bryant's motion challenges only the sufficiency of the no-knock portion of the warrant, rather than whether probable cause existed for the issuance of the warrant itself, the exclusionary rule does not apply.

The recent Sixth Circuit case of *White* is particularly instructive. Following a controlled buy of illegal narcotics, officers sought and obtained a no-knock search warrant. *White*, 990 F.3d at 489-490. The defendant subsequently argued that law enforcement was not justified in using a no-knock warrant to search his home. The Sixth Circuit noted that whether or not the affidavit

was sufficient to justify entry without knocking was an open question and would remain one, for even if the police violated the knock-and-announce rule, suppression was not the appropriate remedy. *Id*., at 493.

For these reasons, and as further set forth in the government's original memorandum, the government respectfully requests that the defendants' Motion to Suppress be denied.

Respectfully submitted, this the 26th day of July, 2021.

                              CLAY JOYNER
                              Acting United States Attorney

By: *s/ Robert J. Mims*
     ROBERT J. MIMS
     Assistant United States Attorney
     Ethridge Professional Building
     900 Jefferson Avenue
     Oxford Mississippi 38655-3608
     Telephone 662/234-3351
     Criminal Division fax 662/234-0657

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2021, I electronically filed the foregoing Supplemental Response with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Merrill Nordstrom, Esq.
>merrill_nordstrom@fd.org

*s/ Robert J. Mims*
ROBERT J. MIMS
Assistant United States Attorney
