IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                             CRIMINAL NO. 4:20-cr-071

ANTOINE BRYANT

## **ORDER**

This cause comes before the court upon the defendant Antoine Bryant's Motion to

Suppress Evidence.  Upon due consideration of the motion, response, applicable authority,

exhibits, and testimony presented at the May 17, 2021 hearing, the court finds as follows.

On June 11, 2019, Investigator Johnathan West of the Greenville, Mississippi Police

Department obtained a "no-knock" search warrant from Municipal Court Judge Michael Prewitt

for the defendant Antoine Bryant's residence located at 609 East Walker Street in Greenville.

West's affidavit in support of the warrant described, in detail, the premises to be searched and set

forth the items expected to be seized, including illegal narcotics, evidence related to the sale of

illegal narcotics, and firearms.  In listing the detailed facts supporting probable cause, West cited

information obtained from a "Coded Credible and Reliable Confidential Informant" ("CI"), who

had previously provided accurate information concerning controlled substance violations in

Washington County and thereby establishing his credibility.  The CI had stated to investigators

that defendant Antoine Bryant sells drugs, specifically marijuana and cocaine, and firearms from

his residence located at 609 East Walker Street.  The CI had personally witnessed Bryant in

possession of handguns that were for sale.  West further advised Judge Prewitt that the CI had

made a controlled buy of marijuana from Bryant at the residence under the supervision of

investigators within three days prior to the warrant application.  Judge Prewitt was therefore

presented with, inter alia, sworn evidence that Bryant was a convicted felon, that the CI had seen

guns and illegal narcotics in the residence to be searched, and that the CI had actually purchased drugs from Bryant in Bryant's home.

Based on West's affidavit and accompanying "Underlying Facts and Circumstances," all sworn to by West, Judge Prewitt issued the "no-knock" search warrant at issue. Greenville police officers, including West, executed the search warrant on the morning of June 17, 2019. Bryant was present at the time the warrant was executed. The officers found marijuana and a loaded .380 caliber handgun at the residence, and Bryant admitted to possession of the firearm. Bryant was later indicted on the charge of a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Bryant, through his attorney, subsequently moved to suppress all evidence and statements obtained during the June 17, 2019 search on the basis that the affidavit supporting the no-knock warrant was insufficient and in violation of the U.S. Constitution and the Fourth Amendment thereto. This court held a hearing on the matter on May 17, 2021, at which testimony was elicited from West and Judge Prewitt. The court is now ready to rule.

A defendant moving to suppress evidence bears the burden "to make specific factual allegations of illegality, to produce evidence, and to persuade the court that the evidence should be suppressed." *United States v. Evans*, 572 F.2d 455, 486 (5th Cir. 1978). "Under the good faith exception to the exclusionary rule, evidence will be admitted in the prosecution's case-in-chief if it is obtained by law enforcement officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate. This is so even if the affidavit on which the warrant was based is insufficient to establish probable cause." *United States v. Pigrum*, 922 F.2d 249, 252 (5th Cir. 1991) (citing *United States v. Leon*, 468 U.S. 897, 927-28 (1984)). "[U]nder a *Leon* analysis, the issue is not whether the issuing judge made a proper

determination of probable cause, but whether the agents reasonably relied on the judge's determination in light of the information set forth in the affidavit." *Id.*

The good-faith exception to the exclusionary rule does not apply in four circumstances: (1) if the issuing judge was misled by information in an affidavit that the affiant knew was false or would have known was false except for reckless disregard of the truth; (2) where the issuing judge wholly abandoned his or her judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. *Leon*, 468 U.S. at 914-15. These same exceptions apply to a no-knock warrant. *United States v. Scroggins*, 361 F.3d 1075, 1084 (8th Cir. 2004). Bryant asserts that the first, second, and third exceptions are relevant here.

Bryant argues that the first exception applies in the present case because West treats a no-knock warrant "as the normal, default mode for all of his requests" when drugs are involved. Even if this is the case and West's general practice, it does not mean the first exception applies under the facts of the case before this court. Bryant has presented no evidence to show that West provided any information in the affidavit that he knew was false or would have known was false except for reckless disregard of the truth. West cited facts in his affidavit that Bryant was selling guns and drugs from the subject residence. This knowledge affords reasonable suspicion of a threat of physical violence and potential destruction of evidence to support a no-knock warrant. "Although the [Supreme] Court refused to adopt a blanket rule that police are never required to knock-and-announce when executing a warrant for a drug investigation, the Court admitted that the showing of reasonableness 'is not high.'" *United States v. Washington*, 340 F.3d 222, 226

3

(5th Cir. 2003) (quoting *Richards v. Wisconsin*, 520 U.S. 385, 394 (1997)). The court finds that the standard set forth by the Supreme Court has been met here: "the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Id.* (quoting *Richards*, 520 U.S. at 394).

As to the second exception, Bryant asserts that Judge Prewitt has shown a pattern of "automatic issuance of no-knock warrants" and that he simply rubberstamps whatever the Greenville Police Department brings before him. At the hearing on the present motion, Judge Prewitt and West testified that Judge Prewitt has, on multiple occasions, rejected search warrants and arrest warrants presented to him by the Greenville Police Department, but Bryant asserts that as to no-knock warrants specifically, Judge Prewitt has issued ten no-knock warrants recently in other drug cases, which Bryant contends establishes a pattern of rubberstamping. As the government notes, however, Bryant failed to provide evidence as to the details or circumstances surrounding these no-knock warrants, and there is no indication in the record before this court that any were invalid. The court finds that Bryant has failed to show that Judge Prewitt wholly abandoned his judicial role by issuing the no-knock warrant in this case, the showing which is required under *Leon*.

Though Bryant states that he relies on the third exception to the good faith rule – that the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable – the briefing indicates that the existence of probable cause is not genuinely disputed here. Rather, Bryant appears to rely on this exception only to argue that West did not present evidence of the CI's credibility and reliability and, perhaps by

4

extension, that this alleged lack of showing calls into question the existence of probable cause.[1] West, however, provided information to Judge Prewitt that the CI is a "Coded Credible and Reliable Confidential Informant," that he or she is deemed credible and reliable by the Greenville Police Department, and that he or she has a successful and accurate history of assisting law enforcement in various criminal investigations. More significantly, however, the request for the search warrant was not based solely on information received from the CI but rather on additional facts witnessed by West and his colleagues as a result of the information provided by the CI. Specifically, West conducted a controlled buy from Bryant using the CI, and the successful buy appears to have been a significant basis for the warrant and the establishment of probable cause. The court therefore finds that the third exception to the good faith rule does not apply in this case.

Finally, the Supreme Court has held that "suppression is not the appropriate remedy for a violation of the constitutional knock-and-announce requirement." *United States v. Bruno*, 487 F.3d 304, 305 (5th Cir. 2007) (citing *Hudson v. Michigan*, 547 U.S. 586, 594 (2006)). Rather, "the key remedy for unjustified no-knock entries is an action under § 1983 for money damages, not exclusion of the evidence in a criminal proceeding." *United States v. White*, 990 F.3d 488, 493 (6th Cir. 2021) (citing *Hudson*, 547 U.S. at 597-99)). *See also*, *United States v. Briggs*, 347 F. App'x 750, 753 (3rd Cir. 2009) ("[A]s to Briggs' claim that the agents that executed the search warrant of his home violated the knock-and-announce rule, even assuming that they did so, suppression would not be appropriate."). Thus, even if the court were persuaded that the no-knock warrant was issued and executed in error and in violation of Bryant's constitutional and

---

[1] The court notes that Bryant appears to abandon this argument in his supplemental briefing, but the court will nonetheless address the matter here.

statutory rights, the court would nevertheless deny the motion to suppress, as it is the inappropriate remedy for the alleged violation.

In accordance with the foregoing cited authority and analysis, the court finds that the defendant's motion to suppress is without merit and that it should be, and the same is hereby, **DENIED**.

**SO ORDERED AND ADJUDGED** this 10th day of August, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

6