UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

CASE NO. 4:20cr071-NBB

ANTOINE BRYANT, SR.

**ORDER**

This matter comes before the court on the motion of the defendant requesting the court for a bond pending appeal. In order to justify release pending appeal the defendant must show the following: that the appeal raises a substantial question of law or fact likely to result in either (1) reversal, (2) a new trial, (3), a sentence that does not include a term of imprisonment, or (4) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b). The defendant has not shown that any of these factual or legal issues exist.

The Supreme Court has held that "suppression is not the appropriate remedy for a violation of the constitutional knock-an-account requirement." *United States v. Bruno*, 847 F.3d 304, 305 (5th Cir. 2007) (citing *Hudson v. Michigan*, 547 U.S. 586, 594 (2006)). Rather, "the key remedy for unjustified no-knock entries is an action under § 1983 for money damages, not exclusion of the evidence in a criminal proceeding." *United States v. White,* 990 F.3d 488, 493 (6th Cir. 2021) (citing *Hudson*, 547 U.S. at 597-99)). *See also, United States v. Briggs,* 347 F. App'x 750, 753 (3rd Cir. 2009) ("[A]s to Briggs' claim that the agents that executed the search warrant of his home violated the knock-and-announce rule, even assuming that they did so, suppression would not be appropriate."). Thus, even if the court were persuaded that the no-knock warrant was issued and executed in error – which it is not - and in violation of Bryant's constitutional and statutory rights, the court would nevertheless deny the motion to suppress, as it is the inappropriate remedy for the alleged violation.

Accordingly, after considering the motion the court and the response of the government, the court is of the opinion that the motion is not well taken, and it is therefore DENIED.

**SO ORDERED** on this, the 10th day of January, 2022.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITE STATES DISTRICT JUDGE**